**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**


Submitted October 2, 2008[*]
Decided October 3, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1603

| | |
|---|---|
| NATHAN J. PETTIGREW, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 3:07-cv-00690-bbc |
| | |
| RICK RAEMISCH and ALFONSO GRAHAM, | Barbara B. Crabb, |
| *Defendants-Appellees.* | *Chief Judge.* |

---

[*] Appellees notified this court that they were not served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. FED. R. APP. P. 34(a)(2).

**O R D E R**

Wisconsin inmate Nathan Pettigrew sued Rick Raemisch[1], Secretary of the Wisconsin Department of Corrections ("DOC"), and Alfonso Graham, Chairman of the Wisconsin Parole Commission, under 42 U.S.C. § 1983 contending that Wisconsin state officials violated his due process rights when they labeled him a sex deviate and then denied him parole for not participating in sex-offender treatment. The district court screened his complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. We affirm.

For purposes here we accept as true the allegations in Pettigrew's complaint. *See Westefer v. Snyder*, 422 F.3d 570, 589 (7th Cir. 2005). In 1995 a Wisconsin jury found Pettigrew guilty of first degree sexual assault. He was sentenced to sixteen years' imprisonment, with a maximum discharge date of May 2011. Wisconsin inmates are entitled to mandatory release on parole after serving two-thirds of their sentence. WIS. STAT. § 302.11(1). But for any inmate serving a sentence for sexual assault, the mandatory release date is only presumptive, subject to the discretion of the parole commission. WIS. STAT. § 302.11(1g)(am). The DOC set Pettigrew's release date at January 2006, when he would have served two-thirds of his sentence.

A DOC social worker determined shortly after sentencing that Pettigrew required long-term sex-offender treatment. Pettigrew refused to participate in the treatment program because, he said, it would undermine his claim of innocence on appeal. In 1999 the parole commission deferred parole consideration until 2003, citing Pettigrew's failure to participate in the program. In November 2005, two months before Pettigrew's presumptive mandatory release date, the parole commission conducted a hearing and denied Pettigrew's release. According to the commission's report that Pettigrew attached to his complaint, he did not complete essential offense-related programming and thus remained an extreme risk to re-offend, requiring continued incarceration to protect the public.

Pettigrew filed this suit in December 2007, claiming that the DOC and parole commission denied him due process by refusing to consider him for parole release until he completed sex-offender treatment. The district court disagreed and dismissed his complaint because Pettigrew did not have any liberty interest in parole that would entitle him to due process protection.

---

[1] In his appeal, Pettigrew names as appellee Matthew Frank. Rick Raemisch replaced Frank as Secretary of the Wisconsin Department of Corrections in September 2007, and therefore we substitute Secretary Raemisch as appellee in this action. *See* FED. R. APP. P. 43(c).

Pettigrew then moved for reconsideration under Rule 59, arguing that the district court misunderstood his claim. This time he asserted that he had a liberty interest in not being characterized as a "sex deviate" without first receiving due process. The court denied the motion, concluding that Pettigrew was labeled a sex offender only after a full criminal trial at which he had an opportunity to be heard and could argue before impartial decision-makers. In any event, the court added, Pettigrew had no liberty interest in avoiding being classified as a sex offender.

On appeal Pettigrew does not specify particular disagreement with the district court's handling of his claims, and instead renews his general argument that the DOC and parole commission violated his procedural due process rights by classifying him as a "sex deviate" needing treatment and then detaining him beyond his release date for not participating in sex-offender treatment.

To make out a due process claim, Pettigrew must show that he has a liberty interest at stake, and the Supreme Court has held that there is no general constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). A state may, but need not, create a liberty interest by establishing an entitlement to parole based on certain criteria. *Id.; Thompson v. Veach*, 501 F.3d 832, 836 (7th Cir. 2007). But as this court has noted, *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006), Wisconsin has adopted a completely discretionary parole regime. *See, e.g.*, WIS. STAT. § 3.04.06(1)(b) ("the parole commission may parole an inmate" who has completed 25% of his sentence). A Wisconsin inmate is not guaranteed parole by meeting set criteria; he must rely on the discretion of the parole board. *Grennier*, 453 F.3d at 444. Thus regardless of whether Pettigrew is characterized as a "sex offender" or "sex deviate," he has no liberty interest in being considered for parole and cannot make out a due process claim.

Pettigrew also argues without elaboration that prison officials violated the Equal Protection Clause of the Fourteenth Amendment and the Eighth Amendment. We therefore treat these undeveloped claims as waived. *See Davis v. Carter*, 452 F.3d 686, 691-92 (7th Cir. 2006).

For the foregoing reasons, we affirm the judgment of the district court.